UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-73-KSF

ORVILLE ROARK                                                                                           PETITIONER

v.                                              **OPINION & ORDER**

JOSEPH MEKO, WARDEN                                                                          RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On March 8, 2012, the petitioner, Orville Roark, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Menifee Circuit Court for one count of First Degree Robbery and of being a First-Degree Persistent Felony Offender [DE #1]. The respondent, Warden Joseph Meko, filed his response seeking dismissal of the petition on April 10, 2012 [DE #6]. Consistent with local practice, this matter was referred to the Hon. J. Gregory Wehrman, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On January 29, 2013, the Magistrate Judge filed his Report and Recommendation, recommending, based on a review of the state court record and the applicable case law, that the petition be denied [DE #11]. After being granted an extension of time, Roark filed his objections to the Report and Recommendation on February 27, 2013 [DE #13]. As a result, this matter is now ripe for review.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Roark was charged by a Grand Jury of the Menifee Circuit Court with First Degree Robbery and with being a First Degree Persistent Felony Offender. Following a jury trial, Roark was

convicted of both charges. Roark's judgment of conviction was entered on January 20, 2005, and he was sentenced to twenty-two years imprisonment.

Roark filed a direct appeal to the Supreme Court of Kentucky, which upheld his conviction and sentence on August 24, 2006. On November 27, 2006, Roark filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to Kentucky Rule of Criminal Procedure 11.42. On March 25, 2010, the Menifee Circuit Court denied his Rule 11.42 Motion. The Kentucky Court of Appeals affirmed on September 9, 2011, and the Kentucky Supreme Court denied discretionary review on February 15, 2012.

Roark then filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [DE #1]. In support of his petition, Roark alleges three claims of ineffective assistance of counsel based upon (1) the failure to file a motion for change of venue; (2) the failure to move for jury instructions regarding voluntary intoxication; (3) the failure to investigate adequately his alleged intoxication. He also argues that he is entitled to habeas relief based upon the cumulative effect of all three ineffective assistance of counsel claims. The respondent has filed his response to the petition for writ of habeas corpus [DE #6], to which Roark has filed a reply [DE #9]. Additionally, Roark has filed a motion to amend his complaint [DE #14], to which the respondent objects [DE #15].

## II.     THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In his Report and Recommendation, the Magistrate Judge first declined to address issues that were raised for the first time in Roark's reply to the respondent's answer to the habeas petition. The Magistrate Judge noted that "[a] traverse or reply to an answer to a petition for writ of habeas corpus

2

is not the proper pleading for a habeas petitioner to raise additional grounds for relief." *See Vivoda v. Davis*, 2010 WL 431726, at *6 (E.D. Mich. Feb. 2. 2010).

Next, the Magistrate Judge turned to Roark's ineffective assistance of counsel claims. The Magistrate Judge thoroughly examined each claim under the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a petitioner must make two showings in order to demonstrate ineffective assistance of counsel. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id* at 687

With respect to his claim that his trial counsel failed to move for change of venue, the Magistrate Judge concluded that even if Roark's counsel was deficient for not moving for a change of venue, Roark failed to demonstrate that any juror was actually biased or tainted. As a result, Roark suffered no prejudice from his counsel's failure to move for a change of venue.

The Magistrate Judge then turned to Roark's claim that his counsel was ineffective for failing to move for jury instructions on voluntary intoxication and wanton endangerment. The Magistrate Judge noted that this claim was adjudicated on the merits in state court. As a result, Roark is only entitled to federal habeas relief if the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts. . . ." 28 U.S.C .§ 2254(d)(1)-(2). Based on the Sixth Circuit's holding that there is no Supreme Court precedent finding a constitutional right to an intoxication instruction in *Hill v. Mitchell*, 400 F.3d 308, 322 (6th Cir. 2005), the Magistrate Judge found that the Kentucky Court of Appeals' decision

3

cannot be deemed contrary to applicable Supreme Court precedent. Moreover, the Magistrate Judge determined that there is no right to such an instruction under Kentucky law. Finally, to the extent that Roark argues that he is entitled to jury instructions on the lesser-included offenses of wanton endangerment in the first and second degree, the Magistrate Judge held that an alleged violation of Kentucky state law is not cognizable in a federal habeas proceeding, *see e.g. Bowling v. Parker*, 138 F.Supp.2d 821, 906 (E.D. Ky. 2001); *aff'd*, 344 F.3d 487 (6th Cir. 2003); *David v. Lavinge*, 190 F.Supp.2d 974, 986 (E.D. Mich. 2002). Accordingly, the Magistrate Judge determined that Roark is not entitled to relief on this claim.

Roark's third claim for ineffective assistance is based on his contention that his counsel failed to investigate evidence of his intoxication the night of the alleged robbery. The Magistrate Judge first determined that Roark has not shown that he was so intoxicated that he was unable to know what he was doing at the time of the robbery, thus, there is no showing of a substantial likelihood that any deficient investigation by counsel would have resulted in a different outcome to his trial. While Roark's counsel did present some evidence that he was intoxicated at the time, the Magistrate Judge noted that presentation of an intoxication defense would have been inconsistent with the defense chosen by his counsel. Because counsel made a strategic decision not to present the intoxication defense, the Magistrate Judge determined that Roark's argument that counsel should have done further investigation to buttress an intoxication defense must fail.

Finally, Roark contends that the cumulative effect of his counsel's alleged errors are sufficient to obtain habeas relief. The Magistrate Judge, however, cited the Sixth Circuit's holding that a habeas petitioner cannot premise relief on a claim of cumulative trial errors, *Williams v. Anderson*, 460 F.3d 789 (6th Cir. 2006), in holding that Roark is not entitled to relief on this claim.

For all these reasons, the Magistrate Judge recommended that Roark's petition for writ of habeas corpus be denied.

### III. *DE NOVO* REVIEW OF ROARK'S OBJECTIONS

Roark filed objections to the Magistrate Judge's Report and Recommendation on February 27, 2013 [DE #13]. This Court must make a *de novo* determination of those portions of the Magistrate Judge's proposed findings of fact and recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). In his objections, Roark first contests the factual and procedural background cited by the Magistrate Judge and the Kentucky courts. However, he has failed to establish how his version of the facts supports any of his claims in the petition for writ of habeas corpus.

Additionally, in his objections, Roark raises for the first time several new claims which were not presented in his original petition for writ of habeas corpus or which were presented for the first time in his reply brief. The Court will not address these new claims as Roark has failed to present any reason for failing to raise these issues in a timely fashion.

Finally, Roark objects to the Magistrate Judge's determination on his ineffective assistance of counsel claims. With respect to his claim based on failure to move for a change of venue, Roark contends that jurors were biased against him due in part to publication of an article about him in the local newspaper. However, as the Magistrate Judge noted, local media coverage alone is not sufficient to show prejudice. Moreover, during voir dire, only three potential jurors indicated that they had formed any opinion about this case, and they were dismissed. Once the jury was seated, no motion was made that the jury was improperly empaneled. Even if Roark's counsel had grounds to make such a motion, Roark is unable to establish that this deficiency resulted in any prejudice. Preexisting knowledge about a case, from a newspaper or otherwise, is "insufficient to lead to a

presumption of a tainted juror." *Campbell v. Bradshow*, 674 F.3d 578, 594 (6th Cir. 2012). Without more, Roark cannot establish that he suffered any actual prejudice; thus, this claim fails.

Turning to his ineffective assistance of counsel claim based on the jury instructions, Roark continues to argue that "he wasn't sober enough to have done all he was accused of doing, but when shots started going off toward him, he sobered up real fast." As a result, he contends that his counsel was deficient for failing to move for jury instructions on voluntary intoxication and wanton endangerment. However, as explained by the Magistrate Judge, Roark is unable to obtain relief on this theory under 28 U.S.C. § 2254 because this claim was adjudicated on the merits by the state court, and that decision cannot be deemed contrary to applicable Supreme Court precedent. *See Hill v. Mitchell*, 400 F.3d 308, 322 (6th Cir. 2005) (holding that in a habeas context there is no Supreme Court precedent finding a constitutional right to an intoxication defense). Additionally, the evidence reveals that Roark was not so drunk that he did not know what he was doing - he was able to drive to the scene of the crime, produce a knife, commit the robbery, and drive away from the scene. As a result, there is no showing that counsel was ineffective for failing to move for an instruction for which his client was not entitled. To the extent that Roark objects to the Magistrate Judge's conclusion that he is not entitled to habeas relief regarding his alleged entitlement to jury instructions on the lesser-included offenses of wanton endangerment in the first and second degree, his argument fails. Whether or not Kentucky law requires a jury instruction on the lesser-included offenses is a matter of state law, not properly before this court in a federal habeas proceeding.

Lastly, Roark objects to the Magistrate Judge's finding that his counsel's failure to investigate was part of his trial strategy. However, as explained above, Roark has not shown that he was so intoxicated as to be able to know what he was doing at the time of the robbery. Thus,

counsel cannot be considered deficient for failing to perform any additional investigation. The Court agrees with the Magistrate Judge that counsel made a strategic defense decision, and Roark has not established deficient representation or any prejudice based on the alleged failure to investigate.

For all of these reasons, as well as those set out more fully by the Magistrate Judge in his Report and Recommendation, the Court finds that Roark's claims fail. Therefore, the Magistrate Judge's Report and Recommendation will be adopted as and for the opinion of this Court. In determining whether a certificate of appealability should issue as to Roark's claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. The Court determines that Roark has not presented a close call or one which is "debatable" and, therefore, a certificate of appealability will not issue.

### IV. ROARK'S MOTION TO AMEND COMPLAINT

Roark has filed a motion to file an amended complaint [DE #14]. Specifically, he seeks to add additional allegations not previously raised in state court or his petition for writ of habeas corpus. The respondent objects to Roark's motion [DE #15]. After careful review, the Court finds that Roark's motion is not well taken. He has failed to set out any reason as to why he could not have raised these issues in his original petition for writ of habeas corpus. At this late date, there has been no showing that justice requires amending his petition to raise these new claims. *See* Fed.R.Civ.P. 15(a). Moreover, because over one year has elapsed from the date of denial of his state

post conviction relief motion, raising these new claims in an amended federal habeas petition would violation the one-year statute of limitations contained in 28 U.S.C. § 2254. Accordingly, Roark's motion to amend his complaint will be denied.

V.      **CONCLUSION**

After having considered Roark's objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation. Accordingly, the Court, being otherwise fully and sufficiently advised,

**HEREBY ORDERS** that

(1) the Magistrate Judge's Recommended Report and Recommendation [DE #11] is **ADOPTED** as and for the opinion of the Court;

(2) the petitioner's objections to the Magistrate Judge's Report and Recommendation [DE #13] are **OVERRULED**;

(3) the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE #1] is **DISMISSED WITH PREJUDICE**;

(4) a certificate of appealability **SHALL NOT** issue;

(5) pursuant to 28 U.S.C. § 1915, petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith; and

(6) judgment will be entered contemporaneously with this order.

This June 17, 2013.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**